UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X

REBECCA CHARLES,                                16 Civ.

        Plaintiff,

  - against -                                  COMPLAINT

SPECIALTYCARE, INC.                             PLAINTIFF DEMANDS
                                                TRIAL BY JURY IN
        Defendant.                          THIS ACTION

------------------------------------------X

      Plaintiff Rebecca Charles ("Charles"), by her attorneys, Lichten & Bright, P.C., complains of defendant SpecialtyCare, Inc. ("SpecialtyCare"), as follows:

### JURISDICTION AND VENUE

      1.  This is an action brought to remedy retaliation for protected activity, in violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), the New York State Human Rights Law, Executive Law § 290 et seq. ("Human Rights Law"), and the Administrative Code of the City of New York, § 8-101 et seq. ("Administrative Code").

      2.  Jurisdiction of this Court is invoked pursuant to U.S.C. §§ 1331, 1343(a)(4), and 1367, and 42 U.S.C. §§ 2000e-5(f)(3) and 12117(a).

      3.  Declaratory and injunctive relief, damages, and other appropriate legal and equitable relief are sought pursuant to 42 U.S.C. §§ 2000e-5(f), (g)(1), and (g)(2)(B)(i), and 12117(a). Compensatory damages are sought pursuant to 42 U.S.C. § 1981a,

Executive Law § 297(9), and Administrative Code § 8-502(a). Punitive damages are sought pursuant to 42 U.S.C. § 1981a and Administrative Code § 502(a).

4. Costs and attorney fees are sought pursuant to 42 U.S.C. § 2000e-5(g)(2)(B)(i) and (k) and Administrative Code § 502(a).

5. Venue is proper in the Eastern District of New York, pursuant to 28 U.S.C. § 1391(b), because the unlawful employment practices occurred within this judicial district.

6. Plaintiff filed a charge of discrimination against defendant with the U.S. Equal Employment Opportunity Commission ("EEOC") on May 6, 2015. The EEOC, in a document received by plaintiff no earlier than November 24, 2015, issued plaintiff a notice informing her of her right to sue defendant. Plaintiff has fully complied with all prerequisites to jurisdiction in this Court under Title VII and the ADA.

PARTIES

7. Charles was employed by defendant, most recently as a Senior Clinical Technician at Brookdale Hospital in Brooklyn, New York, from 2005 until she was discharged on April 24, 2015.

8. Defendant is a provider of outsourced clinical services to hospitals and physicians. Defendant's principal place of business is in Nashville, Tennessee. Defendant is a Delaware corporation.

## FACTS

9. Throughout plaintiff's employment by SpecialtyCare, her work performance was exemplary.

10. In 2014, Charles requested that the company accommodate her pregnancy by not requiring Charles to perform overnight calls. SpecialtyCare refused.

11. Charles miscarried. SpecialtyCare then challenged Charles's disability leave, callously claiming that "typically a woman is released from doctor's care within 6-8 weeks after giving birth." Charles vigorously opposed the company's discriminatory treatment.

12. In early April 2015, Charles's group manager, Jose Toledo, who previously had declared that "in my culture, the man is the boss, and the woman serves him," left several obscene threats on Charles's mobile telephone.

13. Toledo said that Charles "did not do a damn thing but complain."

14. Charles opposed this harassment by contacting Clinical Manager Sacita Martinez. On April 8, 2015, Charles, through her attorney, sent a letter to SpecialtyCare detailing Charles's claims of discrimination and retaliation.

15. On April 23, 2015, SpecialtyCare sent Charles a letter advising her that the company was terminating Charles's employment effective April 24, 2015, due to the "loss of business at Brookdale Hospital."

16. Moving from site to site is routine for SpecialtyCare employees. Brookdale Hosptial was Charles's third job location in her ten years with the company.

17. At the time, the company's website advertised over a dozen open positions, including three vacancies in Brooklyn: Clinical Technician, Sterile Processing Department Supervisor, and Sterile Processing Department Technician.

18. When Charles asked about the three positions, SpecialtyCare responded that the first opening was "a contingency to a potential vacancy," i.e., did not exist. Even though the vacancy supposedly did not yet exist, on April 27, 2015, SpeciatyCare advised Charles that the company was "beginning a preliminary interview process this week in the event the potential vacancy materializes."

19. Charles applied for the position. On May 15, 2015, SpecialtyCare, without interviewing Charles, denied her application.

20. SpecialtyCare offered both Toledo and Martinez new positions.

21. SpecialtyCare never offered Charles a new position.

FIRST CAUSE OF ACTION

22. Defeedant discharged Charles, and refused to transfer Charles to a new position, because of her opposition to acts prohibited by Title VII and the ADA. By its acts and practices described above, defendant has violated Title VII and the ADA.

4

22. As a result of defendant's retaliatory acts, plaintiff has suffered and will continue to suffer injury unless and until this Court grants relief. Defendant engaged in these retaliatory practices with malice and with reckless indifference to plaintiff's rights protected under federal law.

## SECOND CAUSE OF ACTION

23. Defendant discharged Charles, and refused to transfer Charles to a new position, because of her opposition to acts prohibited under the Human Rights Law. By its acts and practices described above, defendant has violated the Human Rights Law.

24. As a result of defendant's retaliatory acts, plaintiff has suffered and will continue to suffer monetary damages and damages for mental anguish and humiliation unless and until this Court grants relief. Defendant willfully and maliciously engaged in these retaliatory practices.

## THIRD CAUSE OF ACTION

25. Defendant discharged Charles, and refused to transfer Charles to a new position, because of her opposition to acts prohibited under the Administrative Code. By its acts and practices described above, defendant has vioated the Administrative Code.

26. As a result of defendant's retaliatory acts, plaintiff has suffered and will continue to suffer monetary damages and damages for mental anguish and humiliation unless and until this

Court grants relief. Defendant willfully and maliciously engaged in these retaliatory practices.

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

ON THE FIRST CAUSE OF ACTION

(a) declaring that the acts and practices complained of herein are in violation of Title VII and the ADA;

(b) enjoining and permanently restraining these violations of Title VII and the ADA;

(c) directing defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect plaintiff's employment opportunities;

(d) directing defendant to place plaintiff in the position she would have continued to occupy but for defendant's discriminatory and retaliatory treatment of her, and make her whole for all earnings she would have received but for defendant's discriminatory and retaliatory treatment, including but not limited to wages, bonuses, pensions, and other lost benefits;

(e) directing defendant to pay plaintiff compensatory and punitive damages and damages for her mental anguish and humiliation;

(f) awarding plaintiff reasonable attorney fees and the costs of this action;

(g)  granting such other and further relief as this Court deems just and proper;

ON THE SECOND CAUSE OF ACTION

(h)  awarding compensatory damages in an amount not yet ascertained;

ON THE THIRD CAUSE OF ACTION

(i)  awarding compensatory and punitive damages in an amount not yet ascertained; and

(j)  awarding plaintiff reasonable attorney fees and the costs of this action.

DEMAND FOR A TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury on all of the causes of action herein.

Dated:  New York, New York
        January 11, 2016

_____
Stuart Lichten (SL-1258)
LICHTEN & BRIGHT, P.C.
Attorneys for Plaintiff
373 Park Avenue South - 9th Fl.
New York, New York  10016
(646) 588-4872